1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY B., JR,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C24-5852-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in January 1996, has less than a high school education, and has no past relevant work history.  AR 54, 57, 205.

On November 11, 2020, Plaintiff applied for benefits, alleging disability as of August 31, 2020.  AR 17.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

1    requested a hearing.  AR 17.  After the ALJ conducted a telephonic hearing on January 24, 2024,

2    the ALJ issued a decision finding Plaintiff not disabled.  AR 17, 24.

3                              **THE ALJ'S DECISION**

4        Utilizing the five-step disability evaluation process,[1] the ALJ found:

5        **Step one**:  Plaintiff has not engaged in substantial gainful activity since November 11,
     2020.

6

7        **Step two**:  Plaintiff has the following medically determinable impairments:  generalized
     anxiety disorder, post-traumatic stress disorder ("PTSD"), upper respiratory disorder,
     obesity, and visual disorders, but because these impairments do not singularly or in
8        combination significantly limit the ability to perform basic work-related activities for 12
     consecutive months Plaintiff does not have severe impairments.

9

10   AR 19.

11       The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

12   Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner

13   to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.

14   Dkt. 2.

15                              **LEGAL STANDARDS**

16       Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

17   security benefits when the ALJ's findings are based on harmful legal error or not supported by

18   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

19   2005).  As a general principle, an ALJ's error may be deemed harmless where it is

20   "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

21   1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

22   determine whether the error alters the outcome of the case."  *Id.*

23

---

[1] 20 C.F.R. § 416.920.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

1    Substantial evidence is "more than a mere scintilla.  It means - and means only - such

2    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3    *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

4    747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

5    conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

6    *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

7    as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

8    Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

9    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

10   must be upheld.  *Id.*

11                                   **DISCUSSION**

12    Plaintiff argues the ALJ erred by misevaluating his subjective symptom testimony, and

13   improperly rejecting the opinion of his mental health counselor.  Dkt. 9 at 1.  The Commissioner

14   argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and

15   should be affirmed.  Dkt. 14 at 2-15.

16    **A.    The ALJ Erred at Step Two**

17    At step two, the ALJ must determine whether the claimant has a "severe" impairment.

18   *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment is severe if it significantly

19   limits the claimant's ability to perform basic work activities for at least 12 months.  *See* 20

20   C.F.R. §§ 416.909; 416.920(a)(4)(ii).  Importantly, "the step-two severity threshold is not high."

21   *Toledo v. Comm'r of Soc. Sec.*, 2024 WL 3029251, at *3 (E.D. Cal. June 17, 2024).  This step

22   requires the ALJ to consider a claimant's subjective symptoms and serves as a *de minimis*

23   screening device to filter out groundless claims.  *Smolen*, 80 F.3d at 1290 (citing SSR 88-13; 20

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

1   C.F.R. § 404.1529(d)(2)).  As such, a claimant need only make a minimal showing to pass this

2   step, and a denial requires unambiguous evidence of no more than minimal limitations.  *See*

3   *Glanden v. Kijakazi*, 86 F.4th 838, 843-44 (9th Cir. 2023); *see also Yuckert v. Bowen*, 841 F.2d

4   303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application

5   of regulations, numerous appellate courts have imposed a narrow construction upon the severity

6   regulation applied here.").

7          The record here contains substantially more evidence than the minimal showing required

8   to pass step two.  Accordingly, the ALJ erred in finding no severe impairments.  Further, the ALJ

9   erroneously discounted Plaintiff's testimony and the medical opinions.  Even if the ALJ had

10  properly continued through the following steps of the disability evaluation process his decision

11  would be flawed, for the reasons outlined below.

12          1.      *The ALJ Erred in Evaluating Plaintiff's Testimony*

13          The ALJ considered Plaintiff's testimony and discounted it as inconsistent with the

14  objective medical evidence and his daily activities.  AR 21-23.  Plaintiff argues the ALJ erred by

15  finding the record contradicted his testimony where there were no contradictions.  Dkt. 9 at 3-10.

16  The Commissioner argues the ALJ properly relied on contradictions with Plaintiff's testimony,

17  evidence of minimal treatment, improvement with treatment, and his activities of daily living.

18  Dkt. 14 at 3-12.

19          Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing"

20  reasons supported by substantial evidence to discount a plaintiff's testimony.  *Trevizo v.*

21  *Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  That said, the ALJ need not believe every

22  allegation, nor analyze testimony line by line.  *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir.

23  2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  The question is not whether this

Court is convinced, "but instead whether the ALJ's rational is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

At the hearing Plaintiff testified he suffered from an eye injury when he was young, after an aerosol can exploded, resulting in his left eye being "cut in half" causing ongoing vision issues in both eyes due to the resultant strain on his right eye. AR 36-38, 47. He experiences anxiety and PTSD related to this incident. AR 37. Driving is a struggle, and he typically has people drive him. AR 37-38. His inability to read labels resulted in him losing his last job. AR 39. He tried to complete his GED but became overwhelmed being in the room with ten people and only completed three months of the program. AR 41. He applied for some jobs in 2022 but was unable to meet the requirements of one due to his vision. AR 42. He lives on his father's land with his wife. AR 43. On a typical day he watches his seven-year-old sister. AR 42.

He is currently attending mental health counseling to help with his PTSD, anxiety, and depression. AR 44. He suffers from flashbacks where he shakes, loses control, becomes dizzy, and needs to sit down. AR 44. These episodes typically last "for hours or ruin the entire day." AR 44. The smell of burning and loud noises trigger his PTSD symptoms. AR 44, 48. He has tried "like eight different med[ications]" for his mental health conditions, but all have either not helped or had negative side-effects. AR 44-45. He suffers from panic attacks where he feels like he is having a heart attack and needs help to calm down. AR 46. His depression results in low motivation, and he has his wife help with activities around the house because he does not have energy to do things. AR 49.

He struggles to concentrate on things for extended periods and frequently needs people to repeat what was said to him. AR 50. He typically has one to two bad depression or anxiety days a week, where he sleeps most of the day "because sleeping seems to be a better option than being

1   rude to my family and other people." AR 51. At previous jobs he struggled with training

2   because "when they would speak to me directly, it was like they were speaking another language

3   even though I was being quiet, watching what they were doing, and listening." AR 52. While

4   training for a previous job he struggled with learning the skills needed. AR 52 ("they said it

5   would take 10, 15 minutes to do, and I was there for 2 hours just because I had to keep having

6   them go over it."). He has little hope of his symptoms improving. AR 54.

7   *a. Objective Medical Evidence*

8   While an ALJ may not reject a Plaintiff's subjective symptom complaints based solely on

9   the lack of medical evidence, "[w]hen objective medical evidence in the record is inconsistent

10  with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such

11  testimony." *Smartt*, 53 F.4th at 498.

12  At the outset, the Court notes that the ALJ discounted Plaintiff's testimony of injury to his

13  left eye because a vision exam contradicted the testimony. AR 21 (citing AR 312-14). This vision

14  exam is not of Plaintiff. Plaintiff is a "junior". AR 150. The cited medical record belongs to a

15  person sharing Plaintiff's name who was born in March 1975, has never had an eye injury, and is

16  retired from the army. AR 312-14. Plaintiff was born in January 1996, injured his left eye, and

17  has a limited work history. AR 205-06, 457. While the record does not contain medical evidence

18  regarding Plaintiff's current vision, several medical notes indicate Plaintiff "lost eye in childhood

19  at age 9[.]" AR 433, 457-58. This is consistent with Plaintiff's testimony that his "eye was not

20  repairable, and it continues to be nonrepairable." AR 37. Further, if there was any ambiguity in

21  the record as to Plaintiff's lost eye, the ALJ in a social security case bears an independent and

22  "special duty to fully and fairly develop the record and to assure that the claimant's interests are

23  considered[,]" even when a claimant is represented by counsel. *Smolen*, 80 F.3d at 1288 (cleaned

1  up); *see also Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). Accordingly, the ALJ erred

2  in discounting Plaintiff's testimony about his vision.

3       As to Plaintiff's mental health complaints, the ALJ errs in focusing on the mental status

4  exam findings divorced from the narrative portions of the treatment record. "[T]reatment records

5  must be viewed in light of the overall diagnostic record." *Ghanim v. Colvin*, 763 F.3d 1154,

6  1164 (9th Cir. 2014). For example, in the same psychological appointments the ALJ points to as

7  indicating unremarkable MSE findings, the treating notes indicate that Plaintiff struggles with

8  crowds, going to the grocery store, and getting a full night's sleep. AR 316-17, 322.

9       The Commissioner argues that evidence of minimal treatment and sustained improvement

10  with counseling is sufficient to discount Plaintiff's testimony. Dkt. 14 at 5-8. Plaintiff avers that

11  this is *post hoc* rationalization. Dkt. 15 at 1-2. The Court agrees. In reviewing the ALJ's

12  decision, the Court must review only the reasons discussed by the ALJ and may not fashion

13  reasons on its own to affirm. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

14  Accordingly, the ALJ erred in discounting Plaintiff's testimony as contradicted by the objective

15  medical evidence.

16                    *b.  Activities of Daily Living*

17       The ALJ further discounted Plaintiff's testimony as inconsistent with his activities,

18  including driving his wife to and from work, digging holes, going to a casino, babysitting,

19  interviewing for jobs, studying for the GED, spending time outdoors, volunteering for the fire

20  academy, and building a tiny house on his father's property. AR 22-23. Plaintiff argues the ALJ

21  erred in finding these activities conflicted with his testimony, as his reasoning relies on an

22  underdeveloped record or necessarily relies on a mischaracterization of the record. Dkt. 9 at 5-9

23

1    (citing *Quan v. Gonzales*, 428 F.3d 883, 885 (9th Cir. 2005) ("Conjecture and speculation can

2    never replace substantial evidence as the basis for an [agency's] finding.")); Dkt. 15 at 3-6.

3         The ALJ cites Plaintiff's alleged daily activities, but those activities are either

4    unsupported by the record or, even if true, do not undermine Plaintiff's claims.  For example, the

5    ALJ found Plaintiff's testimony that he has flashbacks when he smells smoke or fire inconsistent

6    with volunteering with the fire academy.  AR 22.  Plaintiff testified that he did not volunteer with

7    the academy, he wanted his brother to, and Plaintiff was not eligible as he did not have at least a

8    high school education.  AR 40-41.  The ALJ does not point to any evidence that would indicate

9    Plaintiff did participate in this academy.[2]  Nor did he engage in any fact finding to determine

10   what the academy involved to determine if participation, had it occurred, was contradictory to

11   Plaintiff's testimony.  *See* AR 40-41.

12        The Commissioner argues that a list of activities, that the ALJ did not cite, further

13   contradict Plaintiff's description of "his symptoms as debilitating."  Dkt. 14 at 8-9.  The Court

14   again declines to engage in *post hoc* rationalization of the ALJ's decision.  Accordingly, the ALJ

15   erred in discounting Plaintiff's testimony for this reason.

16              *2.    The ALJ Erred in Evaluating the Medical Opinion Evidence*

17        Under regulations applicable to this case, the ALJ is required to articulate the

18   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

19   supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  These findings must be

20   supported by substantial evidence.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

21

22

23
     ---
     [2] The portion of the record the ALJ cites indicates "Patient shared that his brother has court coming up and they have
     decided to volunteer for the fire academy, hoping that it'll look good to the court.  Patient is motivated to do this to
     help keep his brother out of jail."  AR 413.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8

1     The record contains a single medical opinion, that of Plaintiff's mental health treatment

2    team.  AR 425-28.  The ALJ rejected this opinion as unsupported and inconsistent with the

3    overall medical record.  AR 24.  The ALJ seemingly took specific issue with the lack of

4    "objective" findings in Ms. Barragan's treating notes.  AR 24.  But Ninth Circuit precedent is

5    clear that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in

6    other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as

7    on the clinician's observations of the patient."  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir.

8    2017).  "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in

9    the same manner to opinions regarding mental illness."  *Id*.

10    Further, the opinion is jointly signed by Katherine Afuola, MS, LMHC, MHP, NCC,

11   SUDP, and Abigail Barragan.  AR 427.  The ALJ seemingly only considered the treating notes

12   of Ms. Barragan in discounting the opinion.  AR 24.  Both Ms. Afuola and Ms. Barragan

13   separately saw Plaintiff on a bi-weekly basis for mental health treatment.  AR 438.  The record

14   contains notes from these appointments.  AR 429-58.  While the notes do not contain a section

15   titled "mental status exam" they do include an objective assessment section within the narrative

16   which serves a similar function.  *See, e.g.,* AR 433-34 ("Client is well-groomed and shows good

17   hygiene.  Client appears alert and oriented to all spheres.  Client presents as anxious.  Client

18   engages well with this writer, articulating their thoughts and feelings effectively with logical

19   thought process.").  Plaintiff met the full diagnostic criteria under the DSM V for major

20   depressive disorder, PTSD, and generalized anxiety disorder.  AR 433.  The treatment team

21   further supported their functional assessment with a comment section explaining the specific

22   symptoms that supported their opinion.  AR 428.  While the record is not particularly robust, the

23

1    ALJ nonetheless erred in finding the opinion of Ms. Afuola and Ms. Barragan was unsupported

2    by the medical record.

3    　　　Lastly, the ALJ repeats the same flawed reasoning used to discount Plaintiff's testimony

4    to find that the longitudinal record contradicts the treating team's opinion.  AR 24.  As explained

5    above, the ALJ failed to adequately develop the record to show how any of this evidence

6    contradicted opinions related to Plaintiff's mental health symptoms.  Accordingly, the ALJ erred

7    in discounting the medical opinion evidence.

8    　　　　　　　　　　　　　　　　　**CONCLUSION**

9    　　　For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

10    this case is **REMANDED** for further administrative proceedings under sentence four of 42

11    U.S.C. § 405(g).  On remand, the ALJ shall reevaluate step two, Plaintiff's symptom testimony,

12    the medical opinion evidence, and continue through the remaining steps as appropriate.

13    　　　Dated this 3rd day of September, 2025.

14

15    　　　　　　　　　　　　　　　　S. KATE VAUGHAN
16    　　　　　　　　　　　　　　　　United States Magistrate Judge

17

18

19

20

21

22

23